**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**NORMAN BROUSSARD and GENEVIEVE BROUSSARD****PLAINTIFFS**


**V.****CIVIL ACTION NO. 1:06CV6 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY****DEFENDANT**


### Opinion on Rule 50 Motions for Judgment as a Matter of Law

At the conclusion of the presentation of evidence by both sides, the parties submitted cross-motions for judgment as a matter of law under F.R.Civ.P. 50.

In deciding these cross-motions, I am guided by the decisions in *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) and *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969).  These cases instruct me that in deciding motions under Rule 50, the Court should consider all of the evidence, not just that evidence which supports the inferences most favorable to the party opposed to the pending motion.  If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable jurors could not arrive at a contrary verdict, granting the motion is proper.  On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might reach different conclusions the motion should be denied and the case should be submitted to the jury.

These cases remind the Court that a mere scintilla of evidence is insufficient to present a question for the jury, and that a Rule 50 motion should not be decided by which side has the better of the case, nor should a motion under Rule 50 be granted only when there is a complete absence of probative facts to support a jury verdict.  There must be a conflict in substantial evidence to create a jury question.  Rule 50 requires the Court to render judgment as a matter of law when a party has been fully heard on an issue and there is no legally-sufficient evidentiary basis for a reasonable jury to find for that party on that issue.  *Reeves v. Sanderson*, supra.  The standard for judgment as a matter of law under Rule 50 mirrors the standard for summary judgment under Rule 56 in that the Court considers all the evidence in the record, grants all inferences favorable to the non-moving party, and refrains from making credibility determinations or weighing conflicting evidence.

I have now heard all the evidence presented by the parties; I have studied the terms of the insurance contract; and I have carefully considered the issues framed by the pre-trial order. I have reached the following findings of fact and conclusions of law:

1. The parties have stipulated that the plaintiffs sustained an accidental direct physical loss of their dwelling as a result of Hurricane Katrina.

2. The parties have stipulated that the plaintiffs sustained a loss of the contents of their dwelling as a result of Hurricane Katrina, a windstorm.

3. The parties have stipulated that the value of the plaintiffs' dwelling was $120,698 and that the value of the plaintiffs' contents in their dwelling was equal to or greater than $ 90,524. These figures represent the policy limits for the plaintiffs' dwelling and its contents under the State Farm homeowners policy. There has been no stipulation or evidence concerning the value of the additional structures on the plaintiffs' property.

4. Under the terms of the homeowners insurance policy, State Farm would owe this entire loss unless it can establish that some or all of this loss was attributable to water damage, a type of loss excluded from coverage under this policy.

5. The evidence establishes, conclusively, that the plaintiffs' dwelling sustained wind damage during Hurricane Katrina and that ultimately the dwelling was a total loss.

6. Once the plaintiffs established this prima facie case, based on the stipulations in the pre-trial order, the burden shifted to State Farm to prove the merits of its affirmative defense based upon the water damage exclusion in the policy. *Lunday v. Lititz Mutual Ins. Co.*, 276 So.2d 696 (Miss.1973). That burden of proof requires State Farm to establish, by a preponderance of the evidence, what portion of the total loss is attributable to flood damage and is therefore outside the policy coverage. The *Lunday* case has been cited with approval by the Fifth Circuit in *U.S.Fidelity & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863 (5th Cir.1996). There the Court stated, "As the plaintiff, U.S.F. & G. bears the burden of proving that exclusion (o) is applicable: '[W]here an exclusion is specifically pleaded as an affirmative defense the burden of proving such affirmative defense is upon the insurer,' " citing the *Lunday* case.

7. All of State Farm's evidence was directed to proving that 100% of the damage to the insured property was caused by rising water, yet State Farm's own expert witness, Dr. Gurley, testified that it was more probable than not that the Broussards' dwelling sustained at least some wind damage to its roof. In an attempt to quantify the likelihood of this wind damage having occurred, Dr. Gurley estimated that there was a 75% probability that the damage to the plaintiffs' roof consisted of the loss of between 0% and 35% of the shingles on the roof of the dwelling. Dr. Gurley also testified that based on the data now

available he cannot make a determination of the extent of wind damage to the Broussard dwelling before the storm surge arrived.

8. The evidence is overwhelming that when the flood reached the Broussard property it was sufficient in force and duration to destroy the dwelling regardless of the extent of the preceding wind damage. Thus, the force of the storm surge was sufficient to destroy the dwelling if it were undamaged at the time the water reached it, and it was sufficient to remove the debris of the property if the dwelling had collapsed or suffered extensive damage from the force of the wind before the storm surge arrived. The key issue is how much damage had occurred as a result of wind before the storm surge arrived. That preceding wind damage would be covered, and any additional damage caused by the arrival of the flood would be excluded.

9. In these circumstances, it is the allocation of the burden of proof that is critical, for one party or the other must bear this total loss in the absence of evidence by which the two types of losses may be reasonably identified and separated.

10. Because the plaintiffs have met their burden of proof under the policy, via the stipulations in the pre-trial order, the burden of proof was and is on State Farm to establish, by a preponderance of the evidence, that portion of the total loss that was attributable to excluded flooding and rising water. State Farm is obliged under its policy to pay all of the loss that it does not establish, by a preponderance of the evidence, to have been caused by flooding.

11. No evidence has been introduced from which any finder of fact could reasonably determine what part of the loss of the Broussards' property is attributable to water as opposed to wind.

12. Accordingly, I find, as a matter of law, that State Farm has not met its burden of proof as to the segregation of this total loss into wind damages, which are covered, and water damages which are excluded from coverage. State Farm has also failed to establish or to offer evidence that would support a finding that the insured property sustained no wind damage.

13. Since State Farm has offered no evidence which would allow the finder of fact to make a reasonable determination of the amount of the total loss that is attributable exclusively to water damage, I find that State Farm has failed to meet its burden of proof as to the extent of the damage caused by water, and since the Broussards have established by stipulation that they sustained a total loss of their dwelling and its contents as a result of Hurricane Katrina, a covered windstorm peril, I find that State Farm is liable to the plaintiffs for the limits of coverage under the policy, the sum of $211,222.

14. I also find that State Farm lacks a legitimate or arguable reason under Mississippi law and under the unambiguous terms of the subject insurance policy

      for failing to make any unconditional tender of policy benefits for the wind damage in light of the estimates reported to State Farm by Dr. Gurley.  Under applicable Mississippi law, an insurer has a continuing duty to act reasonably and in good faith in investigating and paying legitimate claims under its policies, and that duty requires an insurer to take into consideration any new information that comes to it through its own investigation of a claim whether or not a suit has been filed.  *Gregory v. Continental Insurance Co.*, 575 So.2d 534 (Miss.1990).  Despite the information reported by Dr. Gurley, State Farm attempted to shift its burden of proof to the plaintiffs to establish the portion of their losses that were caused by wind.  In light of the undisputed fact that plaintiffs sustained a direct accidental physical loss of their dwelling and personal property caused by Hurricane Katrina, a windstorm and a covered peril, State Farm was unreasonable in attempting to shift its burden of proof to the plaintiffs, and leaving the plaintiffs no alternative to seeking legal redress through this court.

15.    Accordingly, State Farm's motion for partial summary judgment as to punitive damages and extra-contractual damage is hereby **DENIED**, as is State Farm's motion under Rule 50 for judgment as a matter of law.  The plaintiffs' motion for judgment as a matter of law under Rule 50 is hereby **GRANTED**.

      An appropriate judgment will be entered as to contractual benefits, and this action will be submitted to the jury on the issue of punitive damages.

      Decided this 11th day of January, 2007.

                                                   s/ *L. T. Senter, Jr.*
                                                    L. T. Senter, Jr.
                                                    Senior Judge