## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**NORMAN BROUSSARD and**
**GENEVIEVE BROUSSARD**                                                                          **PLAINTIFFS**

**V.**                                                            **CIVIL ACTION NO.1:06CV006 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                                      **DEFENDANT**


### MEMORANDUM OPINION ON MOTION FOR CHANGE OF VENUE

The Court has before it the motion [29] of Defendant State Farm Fire and Casualty Company (State Farm), pursuant to 28 U.S.C. §1404, for a change of venue. For the reasons set out below, this motion will be denied.

In the aftermath of Hurricane Katrina, there are many cases now pending in this Court between the owners of residential property on the Mississippi Gulf Coast and their insurers. Most of these cases involve fact issues of whether damage to the insured property was caused by wind, which is a covered risk under most homeowners policies, or water, which is a risk excluded by most policies. This is the first of these cases set for trial by jury.

State Farm contends that the adverse publicity surrounding the adjustment of hurricane loss claims has made it impossible for property insurers to receive a fair trial before a jury drawn from this division of the Southern District of Mississippi. In support of this motion, State Farm has submitted copies of various newspaper articles and an affidavit reflecting the expert opinion of Kent Tadin (Tadin). Tadin's affidavit is supported by substantial evidence that pre-trial publicity has the potential of affecting the opinions of potential jurors. Much of his evidence was developed in the context of criminal proceedings, but his findings may also apply to a civil suit such as the one at bar.

I have read the Tadin affidavit, along with its supporting survey and other materials, and I reserved ruling on this motion until I had an opportunity to conduct a voir dire examination in this action to give myself an opportunity to observe the attitude of the venire at first hand. I have now conducted the voir dire for this case, and I have been favorably impressed by the candor of the potential jurors in responding to thorough questioning by the parties. All jurors who disclosed any potential bias or who were uncertain that they could decide the case on its merits were excused for cause. Pre-trial publicity was among the topics I allowed the parties to explore in their voir dire examinations.

      I have weighed the considerations set out in 28 U.S.C. §1404, and I am mindful of the additional expenses and the great inconvenience that individual plaintiffs would incur if the trial of this action and of similar actions were moved to another division of this district.  After hearing the potential jurors' responses to the voir dire examination of the Court and the parties, I am satisfied that I have impaneled a fair and impartial jury to try the merits of this lawsuit.  Accordingly, I will deny the motion [29] for a change of venue at this time, reserving the right to alter or amend this ruling if subsequent events indicate that the parties cannot receive a fair trial from a jury drawn from this division.

      An appropriate order will be entered.

      Decided this 31st day of January, 2007.

                                          s/ *L. T. Senter, Jr.*
                                          L. T. Senter, Jr.
                                          Senior Judge